**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BRYAN HUBBARD, individually and on behalf of all others similarly situated, | No. 24-4038 |
| | D.C. No. 2:23-cv-03541-PA-RAO |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM* |
| COUNTY OF LOS ANGELES, a public entity; ANTHONY C. MARRONE, Chief of Los Angeles County Fire Department; DOES, 1 through 100, inclusive, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 18, 2025
Pasadena, California

Before: BERZON, BENNETT, and SUNG, Circuit Judges.

Plaintiffs in this collective action ("Hubbard") appeal the district court's order granting summary judgment for Defendants ("the County") on the basis that Hubbard's Fair Labor Standards Act ("FLSA") claim was untimely. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

1. The district court correctly held that the applicable statute of limitations is two years, not three. The statute of limitations for an FLSA claim is two years, unless the violation was "willful," in which case the limitations period is extended to three years. *See* 29 U.S.C. § 255(a). Hubbard has not shown that there is a genuine dispute of material fact as to whether the County's alleged FLSA violation was willful.

A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "[M]erely negligent" conduct does not suggest a willful violation. *Id.* "[W]e will not presume that conduct was willful in the absence of evidence." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003).

Hubbard asserts that "the County engaged in 'willful' failure to pay [Hubbard's] wages as it unilaterally changed the pay structure . . . in direct violation of the collective bargaining agreement." But the relevant question is not whether the County unilaterally adopted a certain pay scheme or whether that pay structure violated the collective bargaining agreement ("CBA"). Rather, Hubbard must identify evidence suggesting that the County knew or showed reckless disregard for the possibility that that pay scheme violated the FLSA. He has not done so. The CBA's prohibition on unilaterally modifying pay and the FLSA's overtime conditions are distinct requirements. Hubbard provides no reason why a violation of

2

the CBA constitutes a willful violation of the FLSA.

2. Hubbard contends that the limitations period should be equitably tolled. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

Hubbard relies on the first equitable tolling ground. He maintains that the County wrongfully withheld information about a meeting between County officials and Hubbard's union that resulted in an "implied understanding" that the recruits would not be paid for the time spent in the hotel outside of training. Even assuming that the County wrongfully withheld information about the meeting, Hubbard provides no explanation as to how that conduct prevented him from filing a claim on time. Hubbard suggests that the meeting is relevant to whether the County violated the CBA and therefore relates to willfulness. But, as explained above, the alleged CBA violation has no connection to willfulness, and so had no bearing on Hubbard's ability to bring his FLSA claim on time. Equitable tolling is therefore not warranted.

3. Because this action commenced more than two years after the last day a cause of action could have accrued for any of the plaintiffs, their FLSA claims are time-barred. The County's pending motion to supplement the record, Dkt. 29, is

denied as moot.

4. We do not reach Hubbard's argument for equitable tolling after the complaint was filed based on *Guy v. Absopure Water Co., LLC*, 703 F. Supp. 3d 813, 819-21 (E.D. Mich. 2023), and *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1012 (6th Cir. 2023) (Bush, J., concurring). Even if the limitations period was tolled when the complaint was filed, the action would still be untimely, as the complaint was filed more than two years after the last day a cause of action could have accrued for any of the plaintiffs. We also do not address Hubbard's argument that the district court improperly reached the merits, as the district court's grant of summary judgment is independently supported by its correct determination that his FLSA claim is time-barred.

**AFFIRMED.**